UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NANOLOGIX, INC., | ) | CASE NO. 4:13-CV-1000 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND OPINION |
| CHRISTOPHER NOVAK, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on defendant Christopher Novak's motion to dismiss, or alternatively, to stay. (Doc. No. 22.) Plaintiff NanoLogix, Inc. has filed a response (Doc. No. 23), asking the Court to deny the motion without prejudice. Novak filed a reply. (Doc. No. 27.) For the reasons that follow, Novak's motion is DENIED. The case will proceed.

I. FACTUAL BACKGROUND

After a race to the courthouse, this dispute over unpaid legal fees is now the subject of parallel proceedings in two district courts. Plaintiff NanoLogix, Inc. ("NanoLogix") entered into a legal services contract with defendant Christopher Novak ("Novak"), in which Novak agreed to perform trademark, copyright, and patent work for NanoLogix. (Doc. No. 23 at 176.) The contract was executed on February 25, 2008. (*Id*.) For reasons irrelevant to the motion currently before the Court, Novak was terminated on November 19, 2009. (*Id*. at 177.) Years of disagreement as to the legal fees allegedly owed by NanoLogix to Novak followed.

In April 2013, the starting gun in the parties' race to the courthouse was fired. On April 2, Novak sent NanoLogix a letter and notice of the latter's right to arbitrate the fee dispute

in California. (Doc. No. 23 at 177.) Believing the notice gave it a 30-day safe harbor before Novak could sue, NanoLogix loafed, failing to file first. Novak, on the other hand, sprinted ahead and filed a suit against NanoLogix in the Northern District of California on April 30, 2013. (Complaint, *Novak v. NanoLogix*, No. 5:13-cv-01971 (N.D. Cal. Apr. 30, 2013), Doc. No. 1.)[1] NanoLogix was served the next day. (N.D. Cal. Doc. No. 5.) On May 2, 2013, two days after Novak filed his complaint in the Northern District of California, NanoLogix filed its own complaint in this Court. (Doc. No. 1.)

Though it lost the race to the courthouse, NanoLogix still seeks to confine litigation to the Northern District of Ohio by filing a motion to dismiss for lack of personal jurisdiction in the California case. (N.D. Cal. Doc. No. 15.)[2] Novak opposes that motion, which remains pending.[3] (N.D. Cal. Doc. No. 24.) NanoLogix argues that it lies beyond California's jurisdictional reach pursuant to the limits set forth in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). It is undisputed that NanoLogix is a Delaware corporation with its principal place of business in Ohio and that Novak is a resident of California. Further than that the Court will not venture. California's jurisdiction over NanoLogix and NanoLogix's motion to dismiss are issues squarely before the Northern District of California, and this Court will respect that court's authority to adjudicate.

After briefing in the California motion to dismiss was completed, Novak filed a competing motion to dismiss in this action. (Doc. No. 22.) In it, Novak invokes the first-to-file

---

[1] Future references to the docket in the California case will be cited as (N.D. Cal. Doc. No.).
[2] NanoLogix filed an earlier motion to dismiss in error. (N.D. Cal. Doc. No. 13.) All references to NanoLogix's motion to dismiss in the California case will refer to N.D. Cal. Doc. No. 15.
[3] In an entry dated December 3, 2013, the Northern District of California vacated the personal jurisdiction motion hearing scheduled for December 6, 2013, and took the motion under submission without oral argument. (N.D. Cal. Doc. No. 29.)

2

rule, arguing that the Northern District of California, to the exclusion of this Court, should see this dispute through to judgment. Novak urges the Court to dismiss this action or to stay it until the Northern District of California rules on NanoLogix's motion to dismiss for lack of personal jurisdiction. In opposition, NanoLogix argues that the first-to-file rule does not apply when, as here, the court in the first-filed case lacks personal jurisdiction over its defendant. (Doc. No. 23.)

## II. LAW AND ANALYSIS

Under the first-to-file rule, "the Court which first has possession of the subject must decide it." *Smith v. McIver*, 22 U.S. 532, 535 (1824). Applicable when two cases are filed in separate federal courts, the first-to-file rule is not a "strict rule," but a doctrine that encourages comity among courts of equal rank. *AmSouth Bank v. Dale*, 386 F.3d 763, 791 n.8 (6th Cir. 2004) (citing *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001)); *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation."). The first-to-file rule applies when: (1) the two actions involve nearly identical parties; (2) the two actions involve nearly identical issues; and (3) no equitable reasons or special circumstances warrant an exception to the first-to-file rule. *Long v. CVS Caremark Corp.*, No. 5:09CV1392, 2010 WL 547143, at *2 (N.D. Ohio Feb. 11, 2010). When these conditions are met, the court in the first-filed case should generally proceed to judgment. *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007).

Not infrequently, equitable reasons or special circumstances supplant the first-to-file rule. Indeed, the Sixth Circuit has recognized that the first-to-file rule "much more often than not gives way in the context of a coercive action filed subsequent to a declaratory action."

*AmSouth Bank*, 386 F.3d at 791 n.8. That is, when a putative defendant files a declaratory judgment action to stave off an unfavorable forum, courts will jettison the first-to-file rule in favor of the second-filed, coercive action. *Zide*, 16 F. App'x at 438. To do otherwise would deify the first-to-file rule, encouraging bad faith, anticipatory suits, defendant forum shopping, and "procedural fencing," the first-to-file rule's boon companions. *AmSouth Bank*, 386 F.3d at 791 n.8.

When the first-to-file rule has been properly raised, a district court presiding over the second-filed case has four options: (1) dismiss the case without prejudice; (2) transfer the second-filed case to the district in which the first-filed case is pending; (3) stay proceedings in the second-filed case while the first-filed court decides whether to retain or relinquish jurisdiction; or (4) proceed without interruption. Lacking explicit instruction from the Sixth Circuit, district courts within the circuit have taken slightly different approaches to cases in which the first-filed rule is raised.

The first option, dismissal without prejudice, is not a favored course of action in second-filed cases. *Steavens v. Elec. Data Sys. Corp.*, No. 07-14536, 2008 WL 5062847, at *3 (E.D. Mich. Nov. 25, 2008). Rather, it may be appropriate in the *first-filed case* when the district court has determined that the first-filed case is an anticipatory declaratory action brought to secure a favorable forum. *Id.*; *Foundations Worldwide, Inc. v. Oliver & Tate Enter., Inc.*, No. 1:13CV506, 2013 WL 4054636 (N.D. Ohio Aug. 12, 2013). Dismissal may also be appropriate when a party has engaged in procedural hijinks, such as filing three separate complaints in different courts. *Long v. CVS Caremark Corp.*, No. 5:09CV1392, 2010 WL 547143 (N.D. Ohio Feb. 11, 2010). On the whole, however, dismissal is a disfavored solution when a transfer or a stay of the second-filed suit is available. *See Spec Int'l, Inc. v. Patent Rights Prot. Grp., LLC*,

No. 1:08-cv-662, 2009 WL 736826 (W.D. Mich. Jan. 9, 2009) (declining to dismiss second-filed action in favor of transfer to first-filed court); *GeoStar Corp. v. Axis Reinsurance Co.*, Civil Action No. 5:09-249-JMH, 2009 WL 3619152 (E.D. Ky. Oct. 29, 2009) (same). *But see Innovation Ventures, LLC v. Custom Nutrition Labs.*, 534 F. Supp. 2d 754, 756 (E.D. Mich. 2008) (dismissing second-filed action pursuant to first-to-file rule).

Transferring the second-filed case to the district in which the first-filed case is pending appears to be the prevailing practice in the Michigan district courts. *See, e.g.*, *Carson Real Estate Co. v. Costar Grp., Inc.*, Civil Action No. 10-CV-13966, 2011 WL 4360021 (E.D. Mich. June 30, 2011); *Spec Int'l, Inc. v. Patent Rights Prot. Grp., LLC*, No. 1:08-cv-662, 2009 WL 736826 (W.D. Mich. Jan. 9, 2009); *EBW, Inc. v. Environ Prod., Inc.*, No. 1:96-cv-144, 1996 WL 550020 (W.D. Mich. July 8, 1996). Even in these courts, transferring the second-filed case may not be judged appropriate when circumstances, such as an impending dismissal in the first-filed case, recommend staying the second-filed case instead. *Steavens v. Elec. Data Sys. Corp.*, No. 07-14536, 2008 WL 5062847, at *3 (E.D. Mich. Nov. 25, 2008).

Other courts, including the bulk of district courts in the Northern District of Ohio, prefer to stay the second-filed case pending resolution of the first-filed case. *See, e.g.*, *Daimler Chrysler Corp. v. General Motors Corp.*, 133 F. Supp.2d 1041, 1044 (N.D. Ohio 2001) (staying proceedings so that first-filed court could determine whether to retain or relinquish jurisdiction); *Cavaliers Operating Co., LLC v. Ticketmaster*, No. 1:07CV2317, 2007 WL 3171584 (N.D. Ohio Oct. 30, 2007) (same); *Espey & Assoc., Inc. v. Principal Mfg. Corp.*, No. 1:08-CV-2117, 2009 WL 112781 (N.D. Ohio Jan. 15, 2009); *IMG Worldwide, Inc. v. Matthew Baldwin*, No. 10-CV-794, 2010 WL 3211686 (N.D. Ohio Aug 11, 2010); *Mitsubishi Caterpillar Forklift Am., Inc. v. Minnesota Supply Co.*, No. 1:10CV2696, 2011 WL 711564 (N.D. Ohio Feb. 22, 2011). Courts in

5

other districts stay the second-filed case when the second-filed case, perhaps because the first-filed court lacks jurisdiction over a necessary party, "may become the proper vehicle for resolution of the dispute." *Ables & Hall Builders v. U.S. Bank, N.A.*, Civil Action No. 3:08CV-175-H, 2008 WL 2168890, at *2 (W.D. Ky. May 23, 2008). *But see Promold & Tool, LLC v. Polylok, Inc.*, Civil Action No. 3:11-CV-00660, 2012 WL 1947207 (W.D. Ky. May 30, 2012) (although motion to dismiss for lack of personal jurisdiction pending in first-filed case, second-filed case transferred pursuant to first-to-file rule).

The final solution, proceeding without interruption, is chosen when the district court has determined that the first-to-file rule, either by its own terms or by a quirk of equity, does not apply. *See Hertel v. Bank of America, N.A.*, No. 1:11-CV-757, 2012 WL 4051220 (W.D. Mich. Sept. 13, 2012) (court refused to abstain when, because parties and issues were not similar and there was no race to the courthouse, first-to-file rule did not apply); *Perfecta Prods., Inc. v. Expedite Prods., Inc.*, No. 4:11CV00146, 2011 WL 1527321 (N.D. Ohio Apr. 20, 2011) (refusing to transfer or stay case when defendant in second-filed case not a party to first-filed case).

Here, though it is undisputed that the elements of the first-to-file rule are met, this case shall proceed without interruption. Under the first-to-file rule, this case involves precisely the same parties and issues as the case currently pending before the Northern District of California. Chronologically, this is the second-filed case, albeit by a few, short days. NanoLogix, the declaratory plaintiff, lost the race to the courthouse. Undaunted by its sloth, NanoLogix filed its declaratory action, along with breach of contract and unjust enrichment claims—properly counterclaims in the California action—in this Court. Even if NanoLogix had won the race to the courthouse, Sixth Circuit precedent counsels this Court to favor the California coercive action

6

over this declaratory action. *See AmSouth Bank*, 386 F.3d at 791 n.8 (first-to-file rule "gives way in the context of a coercive action filed subsequent to a declaratory action"); *Promold & Tool, LLC v. Polylok, Inc.*, Civil Action No. 3:11-CV-00660, 2012 WL 1947207 (W.D. Ky. May 30, 2012) (pointing out that equity, as well as the first-to-file rule, favors the first-filed coercive action over the second-filed declaratory judgment action). By its plain terms, the first-to-file rule applies, and the California court should proceed to judgment, provided it concludes it has jurisdiction over the necessary parties. Normally, the Court would, pursuant to the first-to-file rule and in accordance with other district courts in the Northern District of Ohio, stay proceedings pending the California court's resolution of the motion to dismiss. Under the circumstances, however, fairness and efficiency counsel otherwise.

   The California action and this action are both subjects of motions to dismiss, and each motion has been pending for multiple months, stalling discovery. Further, while the parties dispute California's jurisdiction over NanoLogix, they have not argued that this Court lacks jurisdiction over any necessary party. Mindful of these factors, the Court concludes that a stay would further delay an overlong conflict. Whether their dispute lands in California or Ohio, the parties must conduct discovery, and continuing to defer discovery serves no purpose. Pursuant to its broad discretion to resolve a first-to-file conundrum equitably, the Court orders this case to proceed to discovery. *See Zide Sport Shop*, 16 F. App'x at 437 ("District courts have the discretion to dispense with the first-to-file rule where equity so demands."); *Certified Restoration Dry Cleaning Network, LLC*, 511 F.3d at 551 ("the first-filed rule is not a strict rule"). The Court further orders the parties to inform the Court of the first-filed case's jurisdictional resolution. Should the California district court exercise personal jurisdiction over NanoLogix, the parties shall forthwith notify the Court, and the Court will then either transfer or

dismiss the case pursuant to the first-to-file rule. Should the California district court determine that it lacks personal jurisdiction over NanoLogix, then the case will proceed in this Court and no further delay will have been required.

### III. CONCLUSION

For the reasons set forth above, Novak's motion to dismiss is DENIED. The case shall proceed, and the parties shall notify the Court if the Northern District of California denies NanoLogix's motion to dismiss, whereupon this Court shall transfer or dismiss this case.

**IT IS SO ORDERED**.

Dated: December 9, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**